UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIARA S. JONES,

    Plaintiff,

v.                                          Case No. 8:25-cv-02096-WFJ-NHA

CHAD CHRONISTER, ET AL.,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

I recommend Plaintiff's renewed motion to proceed without paying the filing fee (Doc. 9) be denied and her amended complaint (Doc. 12) dismissed.

### I. Background

Plaintiff Kiara Jones brings this lawsuit to challenge the substance and process of her eviction. She began this action by filing a complaint, moving for a temporary restraining order, and seeking permission to proceed without paying the filing fee. Docs. 1, 2, 6. The request for a temporary restraining order was denied. Doc. 5. Plaintiff's motion to proceed without paying the filing fee was denied, without prejudice, because the original complaint contained "no factual allegations at all," and so, as written, had no chance of succeeding. Doc 7. The Court allowed Plaintiff the opportunity to file a new complaint and to renew her motion to proceed without paying the fee.

Plaintiff subsequently renewed her motion to proceed without paying (Doc. 9) and amended her complaint (Doc. 13).

Plaintiff's amended complaint alleges that Plaintiff's landlord, Earl B. Mason, Sr., obtained a judgment in an eviction action against Plaintiff, in Florida state court. *Id.,* p. 1. After Plaintiff appealed, the trial court issued a writ of possession. *Id.,* p. 1. HCSO Deputies, including Deputy G. Harrison then executed the writ by removing Plaintiff from her residence and denying her access to the belongings therein. *Id.* Then, Mason stated that Plaintiff was trespassed from all of Mason's properties, which interfered with Plaintiff's ability to see her son. *Id.*

Her amended complaint names as defendants Sheriff Chad Chronister, Deputy Harrison, Earl B. Mason Sr., and Jason Kao (Mason's attorney who assisted him in the eviction proceedings), for their participation in her eviction. *Id.* The foundation of her claims is her assertion that "Once the appeal was filed, jurisdiction transferred to the appellate court and the trial court no longer had authority to issue or enforce a writ of possession."[1] *Id.* ¶ 7. Thus, she argues, Defendant Mason's continued insistence that she be evicted

---

[1] Since Plaintiff filed her amended complaint, the Second District Court of Appeals of Florida has dismissed her appeal. *See* November 26 Order, *Jones v. Mason*, 2D2025-1865 (Fla. 2nd DCA 2025). Plaintiff's eviction case in Hillsborough County Court in the Thirteenth Judicial Circuit of Florida remains open. *See* Docket, 25-CC-023515.

pending appeal, Defendant Kao's participation in the eviction proceedings, and the Sheriff Defendants' actions to carry out the writ of possession, all violated her federal rights.

Although Plaintiff does not specify which claims apply to which Defendants, she alleges violations of her Fourth and Fourteenth Amendment rights, the Fair Housing Act, and the Violence Against Women Act. *Id.*, p. 2.

Notably, before amending her complaint, Plaintiff renewed her motion for a temporary restraining order, which requested that the Court enjoin Defendants from continuing to enforce the writ of possession. Doc. 8. The District Court denied that motion, explaining that "although this episode has been very disturbing to [Plaintiff] and disruptive to her family, federal courts do not sit in supervision over state courts, and do not (except in very rare circumstances not present here) exercise any ongoing supervision over state courts." Doc. 14. Plaintiff's amended complaint fails for similar reasons.

## II. Standard of Review and Legal Authority

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized,

however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and to "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Finally, independent of the Court's duty under section 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that subject matter jurisdiction exists. *See* FED. R. CIV.

4

P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999)). Critically, unless the party asserting jurisdiction proves otherwise, "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III. Analysis

All of the claims in this lawsuit flow from Plaintiff's assertion that the state court improperly issued a writ of possession while the eviction order was on appeal. To find for Plaintiff on any of her claims, this Court must find that the state court's order was improper. This Court cannot do so, for at least two reasons. First, the *Rooker-Feldman* doctrine prevents this Court from sitting in review of the state trial court's order. Second, even if the Rooker-Feldman doctrine did not apply here, it does not appear that the state court's action was

improper. Each of these is an independently sufficient basis to deny Plaintiff's motion to proceed without paying the filing fee and to dismiss her amended complaint.

      a.  *Rooker-Feldman* Bars Plaintiff's Claims.

The *Rooker–Feldman* Doctrine bars Plaintiff's claims. The doctrine provides that federal courts, with the exception of the United States Supreme Court, have no authority to review the final judgments of state courts. *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc). The *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, Plaintiff challenges the state court's order issuing a writ of possession while the underlying order of possession was on appeal. A writ of possession is considered a judgment to which the Rooker-Feldman doctrine applies. *See Carr v. U.S. Bank as trustee for TBW Mortg. Backed Tr. Series 2006-6*, 793 F. App'x 971 (11th Cir. 2019) (unpublished) (holding that the Rooker-Feldman doctrine precludes district courts from hearing challenges to state court writs of possession); *Davis v. Thomas,* 2025 WL 2743663 (N.D. Ga. July 1, 2025)*, report and recommendation adopted,* 2025 WL 2743669 ("Thus,

since plaintiffs are challenging the writ of possession and judgment at issue . . . the Rooker-Feldman doctrine is properly applied.") (collecting cases).[2] Because all of Plaintiff's claims require the Court to rule that the state court improperly issued the writ of possession, the *Rooker-Feldman* Doctrine divests the Court of jurisdiction over her claims.

      b. The Amended Complaint Fails to State a Claim on Which Relief Can be Granted.

Separately, even if the Rooker-Feldman doctrine did not apply, Florida law is clear that the trial court acted within its power by issuing a writ of possession while Plaintiff appealed the order of possession.

Under Florida law, "a trial court is without jurisdiction to modify a judgment, while that judgment is pending on appeal, in the absence of the appellate court relinquishing jurisdiction to the trial court for that purpose." *Fonseca v. Taverna Imports, Inc.*, 193 So. 3d 92, 94 (Fla. 3rd DCA 2016). "In the absence of a stay pending appeal, however, the trial court retains the power

---

[2] To the extent Plaintiff also challenges the order of possession, that order is a "final judgment" of a state court and lower federal courts such as this one thus cannot consider Plaintiff's objections to it. *See May v. Morgan Cnty. Georgia*, 878 F.3d 1001, 1005 (11th Cir. 2017) ("A claim that at its heart challenges the state court decision itself—and not the statute or law which underlies that decision—falls within the doctrine because it complains of injuries caused by state-court judgments and invites review and rejection of those judgments.") (cleaned up).

7

to *enforce* a judgment that has been appealed." *Mann-Stack v. Homeside Lending, Inc.*, 982 So. 2d 72, 74 (Fla. 2nd DCA 2008) (emphasis added).

Here, the trial court issued an order of default and a judgment of possession on July 17, 2025. 25-CC-023515, Docs. 55, 58. The judgment of possession ordered that "writ of possession shall issue upon signing of this complaint." 25-CC-023515, Doc. 58. Plaintiff subsequently filed a notice of appeal to the Florida Court of Appeals of the trial court's "final judgment" against her. 25-CC-023515, Doc. 59. A review of the trial court and appellate court dockets show that neither court issued a stay of the trial court's order of possession while Plaintiff appealed it. The writ of possession was issued on July 23, 2025. 25-CC-023515, Doc. 69. Thus, while the trial court may have lacked jurisdiction to "modify" its order while it was under appeal, it still had jurisdiction to enforce the judgment by issuing the writ of possession which the judgment itself directed the court clerk to issue. Plaintiff's claims, then, which all attack the legitimacy of the writ of possession issued while her appeal was pending, lack merit. Thus, even if the *Rooker-Feldman* Doctrine did not preclude the Court from considering Plaintiff's claims, the amended complaint would still fail to state a claim sufficient to carry the case forward.

## IV.   Conclusion

Federal courts generally must give plaintiffs proceeding without a lawyer one chance to amend their complaint before dismissing it. *See Wooden*

8

*v. Armenteros*, 756 F. App'x 951, 952–53 (11th Cir. 2018) (unpublished) ("A *pro se* plaintiff *must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice, at least where a more carefully drafted complaint might state a claim.") (cleaned up). Here, Plaintiff has been given the opportunity to amend her complaint. Additionally, because Plaintiff's claims are jurisdictionally barred, any further amendment would be futile.

Accordingly, I **RECOMMEND**:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 9) be denied; and

2. Plaintiff's amended complaint (Doc. 12) be dismissed with prejudice, meaning Plaintiff would not be permitted to re-file.

Reported on December 22, 2025.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from

the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.