# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**KIARA S. JONES**,

      Plaintiff,

v.                             Case No: 8:25-cv-02096-WFJ-NHA

**CHAD CHRONISTER, et al.**,

      Defendants.

_____/

## ORDER

Before the Court is the United States Magistrate Judge Natalie Hirt Adam's Report and Recommendation that Plaintiff Kiara Jones' renewed motion to proceed *in forma pauperis* (Dkt. 9) be denied, and Plaintiff's *pro se* Amended Complaint (Dkt. 12) be dismissed with prejudice. Dkt. 15. The time for filing objections has passed.

Absent objection, the Court conducts a "careful and complete" review of the report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982 (*per curiam*) (citation modified). "Clear error" review applies to portions of the report and recommendation to which no objection is made. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (*per curiam*) (citation modified). Legal conclusions are reviewed *de novo* in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (citation omitted); *Cooper-Houston*

*v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams*, 681 F.2d at 732.

The Magistrate Judge, in a thorough and well-reasoned analysis, found that the motion to proceed without pre-paying the filing fee (Dkt. 9) should be denied and that Plaintiff's Amended Complaint (Dkt. 12) should be dismissed with prejudice for two reasons. First, the *Rooker-Feldman* doctrine prevents this Court from sitting in review of the state trial court's order. Dkt. 15 at 5. Second, even if the *Rooker-Feldman* doctrine did not apply here, it does not appear that the state court's action was improper. *Id.* at 5–6. The Court agrees.

Concerning the *Rooker–Feldman* doctrine, the Magistrate Judge correctly found that "Plaintiff challenges the state court's order issuing a writ of possession while the underlying order of possession was on appeal. A writ of possession is considered a judgment to which the *Rooker-Feldman* doctrine applies." *Id.* at 6 (collecting cases). As such, the *Rooker-Feldman* doctrine divests this Court of jurisdiction over her claims.

Second, the Amended Complaint does not comply with the Federal Rules of Civil Procedure, as it failed to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Again, as the Magistrate Judge correctly determined, the state court acted within its power by

issuing a writ of possession while Plaintiff appealed the order of possession. Dkt. 15 at 7–8. Indeed, Florida law is clear that even during an appeal, trial courts retain jurisdiction to enforce judgments by issuing a writ of possession. *See Mann-Stack v. Homeside Lending, Inc.*, 982 So. 2d 72, 74 (Fla. 2nd DCA 2008). Because the Amended Complaint does not comply with the Federal Rules, it presently has no chance of success. Thus, the Court cannot allow Plaintiff to proceed and dismisses the Amended Complaint.

Finally, the Eleventh Circuit is clear that courts must give a *pro se* plaintiff, like Plaintiff Jones, "at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). However, Plaintiff has already been afforded an opportunity to amend her complaint to properly state a claim. Dkts. 7, 11. Because Plaintiff's subsequent complaint failed to state a claim, it will be dismissed with prejudice. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019); *Woldeab*, 885 F.3d at 1291. Further, the Court agrees with the Magistrate Judge that any further amendment would be futile, as Plaintiff's claims are also jurisdictionally barred. Dkt. 15 at 9.

# CONCLUSION

Having performed a *de novo* and independent review of the file, and for the sound reasons explained in the Report and Recommendation, it is hereby **ORDERED** and **ADJUDGED** that:

1.  The Report and Recommendation, Dkt. 15, is **ADOPTED, CONFIRMED, and APPROVED** in all respects and made a part of this order.

2.  Plaintiff's Amended Complaint, Dkt. 12, is **DISMISSED with prejudice**.

3.  Plaintiff's motion to proceed *in forma pauperis*, Dkt. 9, is **DENIED**.

4.  The Clerk is directed to **TERMINATE** all pending deadlines and **CLOSE** this case.

    **DONE** and **ORDERED** in Tampa, Florida, on January 12, 2026.


                      s/*William F. Jung*
                    **WILLIAM F. JUNG**
                    **UNITED STATES DISTRICT JUDGE**


<u>**Copies furnished to**</u>:
Plaintiff, *pro se*